**JORDON v. CLEMMER.**

**No. 3273.**

United States District Court
District of Columbia.

Sept. 11, 1947.

John Holzworth, of White Plains, N. Y., for petitioner.

George Morris Fay, U. S. Atty., and Oliver Dibble, Asst. U. S. Atty., both of Washington, D. C., opposed.

HOLTZOFF, District Judge.

Thomas Jordon was convicted on a charge of murder in the first degree and on April 30, 1936 he was sentenced to be executed. Thereafter the sentence was commuted by the President of the United States to life imprisonment. He now applies for a writ of habeas corpus, urging that the conviction was not properly obtained.

In 1939 he applied for a writ of habeas corpus, to review the conviction; the writ was granted and a hearing took place, which lasted parts of six days, before Chief Justice Wheat. The file of that proceeding, Habeas Corpus No. 1895, is made a part of the record in this case.

Upon a comparison of the present petition with the petition in the prior proceeding, together with the amendments thereto, it appears that all of the matters now sought to be raised, with one exception, were raised upon the prior petition.

Chief Justice Wheat made elaborate findings of fact. He found, for example, that there was no suppression of any evidence at the trial, as is charged in the original petition. He found that there was no irregularity in connection with the deliberations of the jury; and he dismissed the writ.

It is true that a determination in a habeas corpus proceeding is not strictly res judicata. Nevertheless, as a matter of orderly procedure and in the exercise of discretion the Court will not grant a second writ raising the same points that were thoroughly tried out and determined in the prior proceeding, except under extra-ordinary circumstances. No such circumstances appear in this case.

There is one new matter raised, however, namely, an allegation contained in paragraph 4, subsection (i) of the petition, to the effect that the deceased, of whose murder the petitioner was convicted, was not shot or wounded during the robbery, in which the petitioner is said to have participated, but on the following day. This, however, is a matter going to the guilt or innocence of the defendant. It is a matter that cannot be reviewed in a habeas corpus proceeding, since the scope of a habeas corpus proceeding is limited to questions of

jurisdiction and questions of constitutional rights.

■ If there is evidence of the fact that the murder did not take place as alleged, that matter cannot be raised by writ of habeas corpus. That can be raised only on a motion for a new trial, on the ground of newly discovered evidence. And if, as is the case here, the time to make such a motion has expired, only the Executive may grant appropriate relief.

The petition for writ of habeas corpus is denied.